Henry Kissinger, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 17, 1984, before Judges ROGERS and CRAIG and Senior Judge BARBIERI, sitting as a panel of three.

*John J. Robinson, Jr.,* with him, *W. Scott Staruch, Laws and Staruch,* for appellant.

*Mary D. France, Cleckner and Fearen,* with her, *Robert A. Enders,* for appellee.

OPINION BY JUDGE BARBIERI, March 1, 1985:

Appellant, Henry A. Kissinger, appeals here an order of the Court of Common Pleas of Dauphin County denying his motion of February 23, 1983 to dismiss the pending criminal action against him based on the double jeopardy clauses of the federal[1] and state[2] constitutions, and Section 109 of the Crimes Code.[3]

On October 18, 1980, the Supervisors of Upper Paxton Township (Township) issued a notice to Appellant ordering him to connect his improved properties in the Township to the sewer system operated by the Millersburg Area Authority (Authority). After Appellant failed to make the required connection within 60 days, he was convicted on June 10, 1981, of the summary offense of violating Chapter 18, Pt. I, §1 of Upper Paxton Township Ordinance 9-76 (September 9, 1976) (Ordinance), which reads:

---

[1] U.S. Const., amend. V., applied to the states through the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784 (1969).

[2] Pa. Const., art. I, §10.

[3] 18 Pa. C. S. §109.

The owner of any improved property which is located in this Township and is accessible to and whose principal building is within one hundred fifty (150) feet of the sewer system, shall connect such improved property therewith in such a manner as this Township and the Authority may require, within sixty (60) days after notice to such owner from this Township to make such connection. . . .

Pursuant to Chapter 18, Pt. 1, §5 of the Ordinance, Appellant was fined $300.00 plus costs.[4] On June 9, 1982, Appellant was again served with notice to connect the same properties to the same sewer system and he again failed to obey the notice. Over Appellant's plea of double jeopardy, a District Justice entered a conviction against Appellant for violating Chapter 18, Pt. I, §1 of the Ordinance and fined Appellant $300.00 plus costs.

Appellant took an appeal in the Court of Common Pleas of Dauphin County pursuant to Pa. R. Crim. P. 67 and thereafter moved to dismiss the charges on the grounds of double jeopardy, as set forth in his omnibus pretrial motion. The court of common pleas denied Appellant's motion to dismiss, based on Appellant's failure to allege that imprisonment was possible for violation of the Ordinance.

---

[4] Chapter 18, Pt. 1, §5 of the Ordinance provides, in pertinent part:

1. Any person who shall violate any provision of this Part I shall, upon conviction thereof, be sentenced to pay a fine of not less than twenty-five dollars ($25.00) nor more than three hundred dollars ($300.00) and costs of prosecution, or, in default of payment of such fine and costs, to undergo imprisonment for not more than thirty (30) days. Each day that a violation shall continue shall be deemed and shall be taken to be a separate offense and shall be punishable as such.

Appellant contends: (1) he was not required to allege that he faced the possibility of imprisonment for violating the Ordinance, and (2) the second prosecution for failing to connect to the Authority's sewers was barred by the double jeopardy clauses of the federal and state constitutions, and Section 109 of the Crimes Code.

We agree with Appellant that he was not required to allege that he could be imprisoned for violating the Ordinance. Pa. R. Crim. P. 306[5] provides:

(b)   The Omnibus pretrial motion shall . . . state specifically the grounds upon which each type of relief requested therein is based, setting forth for each type of relief requested the facts in consecutively numbered paragraphs, and shall specify each such type of relief requested.

Pa. R. Crim. P. 306(b). Appellant clearly fulfilled the requirements of Rule 306 by stating in his motion: (1) the specific grounds for the relief requested—the double jeopardy clauses of the federal and state constitutions, and Section 109 of the Crimes Code; (2) the type of relief requested—dismissal of the charges against him; and (3) the facts upon which the request was based—the two convictions for violating the Chapter 18, Pt. 1, §1 of the Ordinance. Rule 306 thus did not require that Appellant make any allegation of law regarding the possibility of imprisonment. In fact,

---

[5] Parts (b)-(e) or Rule 306 were incorporated into Pa. R. Crim. P. 9020 on October 21, 1983, effective January 1, 1984. Rule 9020 which applies to all motions, challenges and applications or requests for an order or relief, provides:

The motion shall state with particularity the grounds for the motion, the facts that support each ground, and the types of relief requested. The motion shall be divided into consecutively numbered paragraphs, each containing only one material allegation as far as practicable.

Pa. R. Crim. P. 9020(b) (2).

under Chapter 18, Pt. 1, §5 of the Ordinance, imprisonment is indeed possible for violation of the Ordinance and this is a matter of public record, well within the knowledge of the court. In any event, Section 109 of the Crimes Code bars a second prosecution based upon the same facts and statutory provision as an earlier conviction, regardless of whether imprisonment is possible.[6] Clearly, then, the court of common pleas erred by denying Appellant's motion based on Appellant's failure to allege possible imprisonment.

With respect to the merits of Appellant's motion, we initially note that Section 109 of the Crimes Code is inapplicable to the present case, since the two prosecutions of Appellant were based on different sets of facts occurring on two separate occasions more than a year apart.[7]

Appellant first violated the Ordinance by failing to make the required connection within 60 days of October 18, 1980, when he received notice from the Authority to connect his property to the sewer system. Appellant violated the Ordinance for the second time by failing to make the required connection within 60 days of the Township's June 9, 1982 notice to him. Since the two notices and the two refusals to abide by these notices occurred more than a year apart, the two prosecutions were based upon different sets of facts and

---

[6] Section 109 provides, in pertinent part:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

. . . .

(3) The former prosecution resulted in a conviction. . . .
Section 103 of the Crimes Code defines the word "statute" to include local laws and ordinances of political subdivisions.

[7] See note 6 supra.

Section 109 does not bar Appellant's second prosecution.[8]

Further, because there were two distinct violations of the Ordinance, Appellant's second conviction does not violate the double jeopardy clause of either the United States Constitution or the Pennsylvania Constitution. In this respect, the present case is analogous to *In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975). In *Martorano*, the Pennsylvania Supreme Court held that where a witness on two separate occasions refused to testify before two successive grand juries investigating similar matters, two successive adjudications of contempt for refusing to answer similar questions did not place the witness in double jeopardy. The Court stated:

> Even if the Double Jeopardy Clause applied in civil contempt adjudications, it is clear that it would not have been violated in this case. A witness could, consistent with the Double Jeopardy Clause, be subjected to a second *criminal*

---

[8] Appellant, citing Section 5552 of the Judicial Code, 42 Pa. C. S. §5552, argues that his offense was not a continuing one, and that, as a result, the second prosecution subjected him to double jeopardy. Section 5552 provides:

(d) An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated.

42 Pa. C. S. §5552(d).

Appellant misapplies Section 5552(d). Appellant committed two distinct offenses by twice failing to comply with notices from the Township to connect to the sewers. Consistent with Section 5552 of the Judicial Code, the first offense was completed when the last element—the expiration of the first 60 day period following notice from the Township—occurred, and the second offense was completed over a year later when the last element—the expiration of the 60-day period following the second notice from the Township—occurred.

contempt adjudication in the circumstances of this case, for each separate and distinct refusal to testify, each occurring on a separate and discontinuous occasion, is a separate offense for double jeopardy purposes. (Citations omitted.) *Id.* at 84-85, 346 A.2d at 31. As in *Martorano*, in which the defendant twice refused to testify on similar matters, in the present case Appellant refused on separate occasions to abide by notices to connect his improved properties with the Authority's sewer system. Thus, since Appellant's two failures to act were distinct and occurred more than a year apart, the second prosecution did not subject Appellant to double jeopardy under either the United States Constitution or the Pennsylvania Constitution.[9]

---

[9] Courts in other jurisdictions have also held double jeopardy inapplicable where a defendant violates the same statutory provision through separate refusals to act. In *Self v. United States*, 150 F.2d 745 (4th Cir. 1945), the defendant was convicted of failing to report for military service pursuant to an order of the local draft board. After serving one year and one day in prison for this sentence, the defendant was again ordered to report for induction and he again refused to report. The Fourth Circuit denied the defendant's plea of double jeopardy in the second prosecution, holding that the second offense was distinct from the first.

In *State v. Bernhard*, 173 Mont. 464, 568 P.2d 136 (1977), county sanitation authorities notified the defendant that, pursuant to a newly enacted statute, he needed to obtain a license to operate his motor vehicle wrecking facility. The Defendant did not obtain a license and, on December 17, 1974, he was convicted under the statute for his failure to possess a license. The defendant's continued refusal to procure a license following the first conviction triggered a second prosecution for violating the statute, initiated on November 6, 1975, and on March 1, 1976 the defendant was once again convicted for his failure to possess a license. The court held that double jeopardy considerations were inapplicable, reasoning that the second offense was distinct from the first since the prosecutors of the first offense could not have known of the facts necessary to convict of the second offense at the time when charges were brought for the first offense.

Accordingly, we will affirm the order of the court of common pleas denying Appellant's motion to dismiss.

ORDER

Now, March 1, 1985, it is ordered that the decision of the Common Pleas Court of Dauphin County, entered February 23, 1983, denying Appellant's motion to dismiss, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.