527 A.2d 618

Henry Kissinger, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*John J. Robinson, Jr., Laws and Staruch,* for appellant.

*Mary D. France, Cleckner and Fearen,* with her, *Robert A. Enders,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, June 17, 1987:

This is an appeal by Henry Kissinger, Appellant, from an order of the Court of Common Pleas of Dauphin County denying his post-verdict motion for reconsideration of that court's prior denial of his motion for discovery and inspection. Appellant sought a discovery and inspection order in order to substantiate his justification defense to the charge he violated Upper Paxton Township Ordinance No. 9-76. That ordinance required him to connect his improved property to the Millerburg Area Authority's (Authority) sewer system within sixty days of being notified to do so. We affirm.

This matter was previously before this Court on Appellant's double jeopardy challenge to his prosecution for violating the Township ordinance. See *Kissinger v. Commonwealth (Kissinger I)*, 88 Pa. Commonwealth Ct. 46, 488 A.2d 401 (1985), *petition for allowance of appeal denied*, No. 75 M.D. Allocatur Dkt. 1985 (Pa., filed June 19, 1985). In *Kissinger I* we affirmed the common pleas court's denial of Appellant's motion to dismiss the prosecution on the basis of double jeopardy. After the Pennsylvania Supreme Court denied allowance to appeal our decision in *Kissinger I*, the matter was returned to the common pleas court. Appellant and the Township entered into a stipulation[1] before the

---

[1] The stipulation of fact submitted by the Appellant and the Township before the common pleas court reads in pertinent part as follows:

Defendant Henry Kissinger, by his attorney, John J. Robinson, Jr., Esquire, of Laws and Staruch, and the Commonwealth of Pennsylvania, by its attorney, Robert A. Enders, Esquire (representing Upper Paxton Township), do hereby stipulate as follows:

1. Upper Paxton Township is a political subdivision of Dauphin County, Pennsylvania.

2. Defendant Henry Kissinger is an adult individual who resides in Upper Paxton Township and who owns improved property in said Township.

common pleas court wherein he admitted that he did not connect his improved property to the Authority's sewer system within sixty days of being notified to do so. He also filed a pre-trial motion for discovery and inspection whereby he sought a court order to allow an expert of his choosing to inspect and test the Authority's sewage treatment plant and operation in order to substantiate his defense of justification. The common pleas court denied the motion and convicted him of violating Ordinance No. 9-76 based upon his stipulation. He then filed post-verdict motions seeking reconsideration of the court's prior denial of his motion for discovery and inspection. The common pleas court denied that motion and sentenced him to pay a fine of $300 and costs of prosecution.

In this appeal, Appellant contends that the common pleas court erred by denying him the opportunity to have his expert examine and test the Authority's sewage treatment plant in order to substantiate his defense of justification. It is Appellant's position that the Authority's sewage treatment system is inadequate, overburdened, and at times deposits untreated or undertreated

---

3. On December 12, 1979, the Township of Upper Paxton enacted an Ordinance as part of the Code of Ordinances of Upper Paxton Township (hereinafter 'Ordinance'). . . .

4. On or about May 14, 1982, Upper Paxton Township provided notice to the Defendant Henry Kissinger requiring his connection of his improved real estate to the sewer system pursuant to the Ordinance.

5. Defendant Henry Kissinger did not connect his real estate to the sewer system within sixty (60) days as required by the Ordinance and has not, to this date, connected his real estate to the sewer system.

Date: 2/26/86

The stipulation is signed by Appellant's counsel and counsel for the Township.

sewage into the Susquehanna River. He argues that his failure to connect with the Authority's system as required by Ordinance No. 9-76 is justified by his desire not to further contribute to danger posed by the Authority's alleged pollution of a water source by its depositing of untreated or undertreated sewage.

Pre-trial discovery in criminal prosecutions is governed by Pa. R. Crim. P. 305. Rule 305 B(1) lists a number of categories of evidence that the Commonwealth is mandated to disclose to the defendant upon request. The discovery and inspection sought here by Appellant is not included in any of the categories enumerated under Rule 305 B(1). Rather, Appellant contends that the materials sought through his discovery and inspection motion come under Rule 305 B(2), pertaining to discovery that is discretionary with the court. The Appellant's request would seem to fall under category (d) pertaining to other evidence identified by the defendant, provided that the defendant can additionally establish that its disclosure would be in the interests of justice. As this type of discovery is clearly within the common pleas court's discretion, our review of that court's denial of Appellant's motion is limited to whether that court abused its discretion. *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985). We conclude that the common pleas court did not abuse its discretion when it denied Appellant's request to examine and test the Authority's sewage treatment plant and operation.

The Appellant concedes that the only purpose to be served by his inspection and testing of the Authority's sewage treatment plant was to establish the defense of justification. The common pleas court found that the information Appellant sought, even if it confirmed his belief, would not provide him with the defense of justification. On that basis, it denied his motion for pre-trial discovery.

The Pennsylvania Supreme Court set forth the required elements for a successful defense of justification or necessity in *Commonwealth v. Capitolo,* 508 Pa. 372, 498 A.2d 806 (1985). In *Capitolo,* the Supreme Court held that in order to make out a defense of justification under Section 503 of the Crimes Code, 18 Pa. C. S. §503, to a criminal charge, an actor must offer evidence that will show:

(1)  that the actor was faced with a clear and imminent harm, not one which is debatable or speculative;

(2)  that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm;

(3)  that there is no legal alternative which would be effective in abating the harm; and

(4)  that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

508 Pa. at 378, 498 A.2d at 809. *See also* McEwen, *The Defense of Justification and its Use by the Protestor: A Focus on Pennsylvania,* 91 Dick. L. Rev. 1 (1986). The facts of this case show that the defense of justification or necessity was not available to the Appellant.

The first requirement set forth in *Capitolo* is that the actor must be faced with a *clear and imminent harm, not one which is debatable or speculative.* Here, Appellant argued that he required discovery to ascertain whether his suspicions concerning the adequacy of the Authority's sewage treatment plant were correct. Second, the danger Appellant claims would be present by connecting his property into the Authority's sewer system is far from clear and is speculative at best.

Appellant also fails to satisfy the third *Capitolo* element, the absence of a legal remedy. The Department of Environmental Resources has been charged by the

General Assembly with the statutory authority to certify sewage treatment plants and has the power to investigate and abate water problems. *See* Act of April 9, 1929, P.L. 177, added by the Act of December 3, 1970, P.L. 834, 71 P.S. §§510-1—510-108. If Appellant could prove that the Authority's sewer system was operating in excess of design capacity and that its discharge was not meeting applicable standards, he could have complained to the Department of Environmental Resources and obtained a ban on further hookups to that system. *See e.g., Pennsboro Township Authority v. Department of Environmental Resources,* 18 Pa. Commonwealth Ct. 58, 334 A.2d 798 (1975). Thus, Appellant had a legal alternative that would be effective in avoiding the harm about which he complains.

Therefore, since the harm about which Appellant complains is uncertain and speculative and he had a legal remedy that would be effective in avoiding that harm, the defense of justification is not available to him in the Township's prosecution of him for violating Ordinance No. 9-76. The common pleas court did not abuse its discretion in denying his motion for discovery and inspection.

ORDER

Now, June 17, 1987, the Order of the Court of Common Pleas of Dauphin County at No. 2420 C.D. 1982, dated June 9, 1986, denying the post-verdict motions of Henry Kissinger, is hereby affirmed.