S. M., a Minor, by R. M., his grandmother and legal guardian, and by his parents and natural guardians, and by his grandmother and parents in their own rights, Appellants

v.

CHILDREN AND YOUTH SERVICES OF DELAWARE COUNTY, Tabitha Lowery, Ann Hanson, Vanessa D. Rochelle Little, Edie Aurelio, Christine MacAdams, John Doe(s), and Jane Doe(s), and Cynthia Smalls, Tanya Baskerville, and Caroline Chamberlain.

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1996.
Decided Dec. 11, 1996.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77    P.S. § 772.

Elisabeth R. Aaron, Media, for appellants.

Michael P. Dignazio, Media, for appellees.

Before COLINS, President Judge, LEADBETTER, J., and KELTON, Senior Judge.

COLINS, President Judge.

S.M., a minor, by his legal guardian and natural parents (appellants), appeals a Court of Common Pleas of Delaware County (common pleas court) order denying a request for release of documents. The controversy centers upon the refusal of Children and Youth Services of Delaware County to release certain documents in its care custody and control. For the reasons set forth below, we affirm in part and reverse in part, and we remand this matter to the common pleas court for proceedings consistent with this opinion.

The issues raised herein are matters of first impression. They are 1) whether a child placed in foster care, who alleges abuse while in care, has the right to access documents that pertain to his foster care stay; and 2) whether a child placed in foster care, who alleges abuse while in care, has the right

to access the entire file of the foster care parent. Appellants' issues involve questions of law; thus, our review of the common pleas court's order is limited to whether that court erred as a matter of law in denying appellants' discovery request. *Kissinger v. Commonwealth*, 106 Pa.Cmwlth. 636, 527 A.2d 618 (1987).

The facts of record are as follows: Appellants brought the underlying action by way of writ of summons in trespass as a result of bodily injuries allegedly sustained by minor appellant, S.M., while in the foster home of Cynthia Smalls. In a discovery motion, filed pursuant to Pa. R.C.P. No. 4003.1(a), appellants served a subpoena for the production of documents upon Mr. Joseph Brandon, in his capacity as Administrator of Children and Youth Services of Delaware County (CYS), seeking:

1. Resource Unit/Foster Family file for foster care provider, Cynthia Smalls, 5373 W. Montgomery Avenue, Philadelphia, including but not limited to, the following documents:

   a) Application to be a foster care provider, forms or questionnaires, screening and evaluation information, foster family home approval, foster care contract, etc.

   b) Criminal History and other background check information;

   c) Homeowners Insurance coverage information;

   d) Home study report(s);

   e) Annual foster family home reevaluations;

   f) Documentation of ongoing training;

   g) Complaints filed or received against Cynthia Smalls regarding her work as a foster care provider;

   h) All other documents pertaining to Cynthia Small's tenure and/or work as a foster care provider with Children and Youth Services of Delaware County; and

   i) All documents pertaining to minor [S.M.], date of birth–12–16–92; SS# [ ] [1], including documents pertaining to his placement in Cynthia Small's home, the time that he resided in Cynthia Small's home, removal from Cynthia Small's home and abuse allegations.

2. All other documents pertaining to foster care provider Cynthia Smalls, 5373 W. Montgomery Avenue, Philadelphia, within the custody of Children and Youth Services of Delaware County.

(Reproduced Record at R.13a.)

CYS refused to comply with the subpoena prompting appellants to file a motion for release of records in the common pleas court. That motion was denied. Appellants then joined CYS to their suit and thereafter renewed their discovery request. CYS complied with the request to the extent that it produced a copy of the child abuse report filed with CYS (*i.e.*, CY–47, report of suspected abuse) and/or filed with ChildLine (*i.e.*, CY–48, status of abuse reports).[2] CYS refused to produce the remaining documents requested, renewing its position that the documents were privileged under statute. Appellants' motion for reconsideration of the common pleas court's order was denied. Appellants' appealed the common pleas court's interlocutory order to this Court pursuant to Pa. R.A.P. 1311.

In this appeal, appellants ask us to consider whether the common pleas court erred in refusing their request to discover the files of CYS relating to Smalls in general and the files of CYS relating to Smalls and minor appellant for the period during which minor appellant was ·in Smalls' care. Appellants contend there is no statutory provision denying them access to the records, the documents are necessary to prepare a complaint, and public policy supports disclosure of the documents.

    The Rules of Civil Procedure provide that no discovery or deposition shall be permitted that relates to a matter that is privi-

---

1. We have not referenced the social security number because of its confidential nature and its lack of relevance in this opinion.

2. 55 Pa.Code § 3490.14 requires CYS to release this information to the parents and guardians of a minor child.

leged.[3] The term "privilege" as used in the discovery rules refers only to a privilege based on constitutional or statutory provisions or existing common law,[4] and has reference to a "privilege" recognized in, and available under, the law of evidence. The sole focus of this appeal is whether the documents sought are protected from disclosure because they are a confidential communication under statute.[5]

In this matter, the common pleas court concluded that implicit in 23 Pa.C.S. §§ 6336(b) and 6339 and 55 Pa.Code §§ 3490.91 and 3490.104 is a privilege of confidentiality that precludes disclosure of the requested documents. We disagree as to the request for the family case record, foster family file, and the homeowners insurance policy.

The Child Protective Services Law is set forth in 23 Pa.C.S. §§ 6301–6384. The purpose of the Law is to protect abused children by encouraging more complete reporting of suspected child abuse and to establish in each county a child protective service. 23 Pa.C.S. § 6302(b). Where there is a report of suspected child abuse,

> 23 Pa.C.S. § 6339 provides for the confidentiality of report concerning instances of child abuse, 23 Pa.C.S. §§ 6336(c) and 6340 monitor the *release* of that information. Therefore, *absolute confidentiality* is not

guaranteed to individuals being investigated pursuant to a suspected child abuse and neglect complaint ("SCAN"). Authorized Child Protective Services Department officials, treating officials, guardians *ad litem,* courts with competent jurisdiction, the Attorney General, law enforcement officials conducting investigations, the individuals who report suspected abuse, county commissioners, and the subjects of the reports are entitled to summaries of information contain in the file as well as written reports.

*Commonwealth v. Christopher,* 423 Pa.Superior Ct. 51, 53–55, n. 3, 620 A.2d 494, 495, n. 3 (1992). A "subject of the report" is defined as "[a]ny child reported to the central register of child abuse and a parent, guardian or other responsible person also named in the report"; 23 Pa.C.S. § 6303. Here, minor appellant is a "subject of the report," thus, there is no statutory privilege denying him access to the documents contained in the family case record of Cynthia Smalls. This conclusion is further supported by referencing 55 Pa.Code § 3490.91, subsections (12) (permitting release of information to a subject of the report, here minor appellant) and (3) (permitting release of information to a child's guardian *ad litem,* here named-appellant R.M.). Additionally, 55 Pa.Code § 3130.44(d) mandates that information contained in family case records[6] be released

---

3. Pennsylvania Rule of Civil Procedure, Rule 4003.1(a) provides:

   (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged. . . .

   Pennsylvania Rule of Civil Procedure, Rule 4011 provides:

   No discovery or deposition shall be permitted which

   (c) relates to matter which is privileged; or

   . . .

4. *Appeal of Hilton,* 199 Pa.Superior Ct. 586, 186 A.2d 635 (1962). The argument of CYS does not focus on the common law but rather is limited to the existence of a statutory privilege of confidentiality.

5. We note that the relevance of the *information* sought by appellant is not disputed by the parties.

6. CYS is required to establish and maintain a family case record for each family accepted for service. 55 Pa.Code § 3130.43.

(b) The family case record shall contain the following:

   (1) The date the family was accepted for services.

   (2) The name and address of the parents.

   (3) The name, race, sex and date of birth of each family member.

   (4) A family service plan as defined in § 3130.61 (relating to family service plans), including the results of plan reviews.

   (5) A record of service activity, including the following:

   (i) The date of the contact with family members.

   (ii) The parties involved in the contact.

   (iii) The action taken.

   (iv) The results of the action.

   (6) Correspondence between agencies and individuals involved in the case.

   (7) Appropriate medical information on family members.

(c) A section of the family case record that includes the following shall be established for each child in placement:

upon request to (1) parents and legal guardians, and (2) childrens' and parents' attorneys. The regulation permits appellants access to the information in the records; thus, we conclude CYS must produce the family case record, and we reverse the common pleas court insofar as appellants access to this file was denied.

■ Appellants also seek the foster family file. Appellants argue they are entitled to receive the foster family file pursuant to 55 Pa.Code § 3700.71. We agree with appellants and reverse the common pleas court insofar as it prohibited access to the foster family file.

Foster Family Care Agencies are regulated in accord with 55 Pa.Code § 3700.1,[7] which provides, in relevant part,

(a) This chapter applies to:

(1) An agency operated by a person, organization, corporation or society, public or private, for profit or not-for-profit, which approves or supervises foster families or provides foster family care.

> (1) The court order placing the child or the voluntary placement agreement.
> (2) Copies of each document filed by the county agency with the court, including petitions, motions and attachments. These documents shall have the date on which they were sent to the court noted thereon by date stamp.
> (3) Date stamped copies of the documents maintained under paragraph .(2) that were sent to each party required by this chapter to receive them.
> (4) Other notifications required by this chapter.
> (5) The date the child was placed.
> (6) The location of the child's placement, including the name and address of the placement.
> (7) An emergency telephone number where parents or guardian can be reached.
> (8) Amendments to the service plan as required in § 3160.67 (relating to placement planning) and the results of reviews of children in placement as required by §§ 3130.71 and 3130.72 (relating to the placement reviews; and disposition review hearings).
> (9) Copies of applications for Federal and other benefits.
> (10) Educational reports and records.
> (11) Indication if the child is disabled and, if so, the type of physical, mental or emotional disability.

(2) An individual providing foster family care to children placed by an approved foster family care agency.

Both CYS and Smalls are governed by Chapter 37 of the Code, 55 Pa.Code §§ 3700.1–3760.93. The subsequent provisions in Chapter 37 of the Code set forth the duties and responsibilities of the agency, here CYS, regarding a foster family. Section 3700.71 of the Code provides as follows:

> The FFCA[8] shall maintain a file for each foster family home. The file must contain a copy of the foster family home approval and the results of each annual foster family home reevaluation.

There is no limitation on disclosure of the FFCA file set forth in this chapter of the regulations concerning FFCAs. Therefore, we reverse the common pleas court insofar as it denied appellants access to the foster family file and conclude CYS must produce the foster family file maintained on Smalls.

■ Appellants also seek a copy of Smalls' homeowners insurance policy. Clearly this is not a privileged document. In accordance with Pa. R.C.P. No. 4011, such policies must

> (d) The county agency shall retain family case records for 5 years following closure of the family's case. Adoption records and child abuse records shall be handled in the manner specified in Chapters 3350 and 3490 (relating to adoption services; and child protective services—child abuse) pertaining to those services.

7. CYS contends that Foster Family Agencies are regulated pursuant to Section 3680.35 of the Child Protective Services Regulations, 55 Pa. Code § 3680.35. After reviewing the applicability section of the regulations set forth at 55 Pa.Code § 3680.1, we disagree. Section 3680.1 states:

> (a) With three exceptions, this chapter applies to the administration and operation of an agency, whether public or private, for profit or not-for-profit, which provides the social services specified in subsection (c). This chapter does not govern the administration or operation of ... [ ] county children and youth social service agencies governed by Chapter 3130 (relating to administration of county children and youth social services programs)....

8. An FFCA is a foster family care agency, defined as "[a] public or private agency which recruits, approves, supervises and places children with foster families." 55 Pa.Code § 3700.4.

be produced. Furthermore, Smalls is the holder of the policy, presuming one exists, and she has not challenged the release of the document. Therefore, CYS must produce this document, if it is contained in the files of CYS.

With respect to the remaining documents sought in appellants' discovery motion, Section 1, subsections (a) through (i), and Section 2, we note that it is plausible that the documents requested may in fact contain information pertaining to individuals other than appellants and Smalls. Disclosure of the information of another person clearly invades the privacy of the other and is prohibited. Thus, with the exception of the homeowners insurance policy requested under subsection (c), if the information appellants seek in their discovery motion, Section 1(a) through (i), is part of the family case record or the foster family file CYS is required to maintain for foster care provider Smalls, then appellants are entitled to access that information. If, however, the information is not within the family case record or the foster family file, then appellants' access is restricted. On remand, the common pleas court in its sound discretion will determine the method and manner in which all information that may be confidential and protected will be excised.

Appellants, in Section 2 of their discovery motion, seek all other documents pertaining to foster care provider Cynthia Smalls. This information does not appear to be part of the family case record or the foster family file. The request is not only overly broad but clearly implicates files pertaining to Smalls and recipients of foster services other than appellants.

55 Pa.Code §§ 3130.44 (relating to family case records) and 3680.35 (relating to client records) pertain to recipients of family foster services and contain provisions restricting disclosure of information to the recipients of family foster services, their guardians, families, or legal representatives. Nowhere in the regulations is CYS permitted to open its files to the public and disclose their contents. This is a statutory privilege granted by the General Assembly, and this Court is without authority to disregard that privilege. Thus, we conclude the documents requested in Section 2 of appellants' discovery motion are protected by statutory privilege; therefore, the common pleas court properly denied appellants' access to the documents.

Accordingly, the order of the Court of Common Pleas of Delaware County is affirmed in part and reversed in part. This case is remanded to the Court of Common Pleas of Delaware County for proceedings consistent with this opinion. Jurisdiction relinquished.

### ORDER

AND NOW, this 11th day of December, 1996, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed in part and reversed in part. The case is remanded to the Court of Common Pleas of Delaware County for proceedings consistent with this opinion.

Jurisdiction relinquished.