J-A10034-23

J-A10035-23

2023 PA Super 142

| | | |
|---|---|---|
| ANTOINE H. LESLIE, ADMINISTRATOR OF THE ESTATE OF RENEE D. GILYARD, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| PUBLIC HEALTH MANAGEMENT CORPORATION D/B/A WORDSWORTH ACADEMY, TURNING POINTS FOR CHILDREN,TURNING POINTS CUA 3, LLC, THE TURNING POINTS FOR CHILDREN CHARITABLE FOUNDATION, TURNING POINTS CUA 9, LLC, DEBORAH CROSTON AND JOHN AND JANE DOE 1-10 | : : : : : : : : : : | No. 2267 EDA 2021 |

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210501900

| | | |
|---|---|---|
| ANTOINE H. LESLIE, ADMINISTRATOR OF THE ESTATE OF RENEE D. GILYARD, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| PUBLIC HEALTH MANAGEMENT CORPORATION D/B/A WORDSWORTH ACADEMY, TURNING POINTS FOR CHILDREN, TURNING POINTS CUA 3, LLC, THE TURNING POINTS FOR CHILDREN CHARITABLE FOUNDATION, TURNING POINTS CUA 9, LLC, DEBORAH CROSTON, AND JOHN AND JANE DOE 1-10 | : : : : : : : : : : | No. 662 EDA 2022 |

J-A10034-23

J-A10035-23

Appeal from the Order Entered January 31, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210501900

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED JULY 28, 2023**

These consolidated interlocutory appeals[1] are taken from two discovery orders entered by different judges of the Court of Common Pleas of Philadelphia presiding over the present wrongful death and survival action brought on behalf of the estate of Renee D. Gilyard, a foster care parent murdered by her then 17-year-old foster child, Xavier Johnson. After careful review, we vacate the orders at issue and remand for further proceedings consistent with this decision.

The pertinent facts and procedural history are that on May 21, 2021, Antoine Leslie ("Administrator"), the son of Ms. Gilyard and administrator of

_____

* Former Justice specially assigned to the Superior Court.

[1] The grant of jurisdiction to this Court is codified in 42 Pa.C.S.A. § 742 and 42 Pa.C.S.A. § 762(a). An interlocutory appeal may be taken as of right when the order appealed from "is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Herein, this Court has jurisdiction to decide the present appeals because an order requiring disclosure of allegedly privileged material or confidential medical information is an appealable collateral order under Rule 313(b). *Pasquini v. Fairmount Behavioral Health System*, 230 A.3d 1190, 1194 (Pa. Super. 2020); *Buckman v. Verazin*, 54 A.3d 956, 959 (Pa. Super. 2012); *V.B.T. v. Family Services of Western Pennsylvania*, 705 A.2d 1325, 1329 n.6 (Pa. Super. 1998), *aff'd*, 728 A.2d 953 (Pa. 1999).

her estate brought this action against Defendants/Appellants,[2] alleging in the Complaint that the Turning Points Defendants were a foster family care agency under contract with the Philadelphia Department of Human Services. Complaint ¶¶ 14, 24-26. The Complaint alleged that the Turning Points Defendants and Deborah Croston (collectively, "Defendants/Appellants") and the Doe defendants placed 17-year-old foster child, Xavier Johnson, with foster care parent Renee Gilyard and that Johnson murdered Gilyard within days after he was placed in her home. *Id.* ¶¶ 26, 28, 36, 42. The Complaint alleged further that Defendants/Appellants and the Doe defendants knew at the time of the placement that Johnson had history of violence and, therefore, are liable in negligence for her death because they failed to disclose that history of violence to Gilyard. *Id.* ¶¶ 37-39, 41, 50-55, 60-63. Appellants/Defendants in their answer denied these allegations. Answer and New Matter ¶¶ 37-39, 41, 50-55, 60-63.

Pursuant to the Administrator's discovery requests, the trial court's discovery orders directed Defendants/Appellants to produce both Johnson's foster care case record and additional information that Defendants/Appellants contend are also part of Johnson's foster care case record. Specifically, Defendants/Appellants argued that they are prohibited by law from disclosing

---

[2] Most of Defendants/Appellants' briefs in these appeals list the Philadelphia Parking Authority as a defendant-appellant in the caption. That is an error. The Philadelphia Parking Authority is not a party to this case and is not in the caption of either appeal.

any of the requested records and information and that some of the documents sought are protected medical and mental health records.

The first appeal (under 2267 EDA 2021) concerns the Administrator's service for production of documents on Defendants/Appellants on May 24, 2021, that requested that they produce complete copies of any records that were in their possession prior to and during Johnson's placement with Gilyard "that contain any information concerning Xavier Johnson's medical history, mental health diagnosis, general behaviors, relationships between him and his parents, educational history, life experiences, and previous and/or prospective circumstances." Plaintiff's Request for Production of Documents (Set I), Requests Nos. 1-2.[3]

Defendants/Appellants filed objections to these document requests, asserting that the documents sought are protected from discovery by 55 Pa. Code § 3130.44, the federal Health Insurance Portability and Accountability Act of 1996 medical privacy regulations (HIPAA), and the Pennsylvania Mental Health Procedures Act (MHPA). Turning Points Defendants' Response to Request for Production of Documents (Set I), Response to Requests Nos. 1-2.

The Administrator filed a motion to compel production of these documents and Defendants/Appellants, in addition to filing an opposition to the Administrator's motion, filed a motion for a protective order seeking a

_____

[3] Plaintiff had previously unsuccessfully sought similar documents in pre-complaint discovery in an earlier action against the Turning Points Defendants commenced by summons and the discovery was denied in those actions without opinion.

ruling that the requested documents were protected from discovery unless an authorization to release the records was given by Johnson. Defendants/Appellants asserted, in both their opposition to the Administrator's motion and their motion for a protective order, that those records contain details related to Johnson's juvenile court proceedings, medical history, mental and behavioral health history, and foster care and placement history, that 55 Pa. Code § 3130.44 and the Juvenile Act, 42 Pa.C.S. §§ 6301-6375, prohibit disclosure of such documents, and that HIPAA and the MHPA, 50 P.S. §§ 7101-7503 prohibit production of the medical records and mental health and behavioral health records. Defendants/Appellants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel at 31-38; Defendants'/Appellants' Motion for Protective Order ¶¶ 6, 19-27.

On September 1, 2021, Johnson moved to quash a subpoena that had been issued seeking production of his criminal lawyer's files asserting, *inter alia*, that his foster care case record was protected from discovery and that he did not consent to its disclosure. Johnson Motion to Quash Subpoena ¶¶ 5-8. On October 21, 2021, the trial court judge (Judge Sean F. Kennedy) entered both an order denying Defendants/Appellants' motion for a protective order and an accompanying order granting the Administrator's motion to compel and directing the Turning Points Defendants to produce all documents requested in the Administrator's first set of document requests without any

limitation concerning the types of documents and without any confidentiality order as to any of the documents to be produced. Trial Court Order, 10/21/21. Defendants/Appellants appealed the order granting the Administrator's motion to compel on November 3, 2021, at 2267 EDA 2021.

The second appeal (under 662 EDA 2021) concerns the Administrator's second and third sets of interrogatories and document requests served upon Defendants/Appellants on October 25, 2021, just four days after the October 21, 2021, order that is the subject of the 2267 EDA 2021 appeal. The second set interrogatories sought information concerning insurance coverage for the claims in the Administrator's action and the second set document requests sought documents concerning such insurance coverage. Plaintiff's Interrogatories (Set II) at 4-6; Plaintiff's Request for Production of Documents (Set II) at 3. The third set interrogatories sought identification of witnesses and information concerning witness statements and investigations of the claims in the Administrator's action, reports concerning Johnson's behavior prior to his placement with Gilyard, Defendants/Appellants' factual contentions, and evidence that Defendants/Appellants intended to use at trial. Plaintiff's Interrogatories (Set III) at 3-8. The third set document requests sought only documents identified in their response to the third set interrogatories. Plaintiff's Request for Production of Documents (Set III) at 3. Defendants/Appellants did not file responses to this discovery.

On December 14, 2021, while the 2267 EDA 2021 appeal was pending, the Administrator moved to compel answers in its second and third set interrogatories and production of the documents requested by the second and third set document requests. Defendants/Appellants did not object to providing responses to the second set insurance interrogatories and document requests, Defendants'/Appellants' Response to Plaintiff's Second Motion to Compel at 4 n.4, but they opposed providing any answers or documents in response to the third set interrogatories and document requests.

On January 31, 2022, the trial court (Judge Dennis B. Cohen) entered an order granting the Administrator's motion to compel and ordering Defendants/Appellants to provide full and complete responses to the Administrator's third set interrogatories other than Interrogatories 12 and 14, and to produce the documents requested by the third set document requests. Trial Court Order, 1/31/22. Defendants/Appellants appealed this order on February 25, 2022, at 662 EDA 2022.

"Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." *Berkeyheiser v. A- Plus Investigations, Inc.*, 936 A.2d 1117, 1125 (Pa. Super. 2007) (citations omitted)." To the extent that the question involves a pure issue of law, [the Court's] scope ... of review [is] plenary." *Id*. "Whether an order is appealable under Rule 313 is a question of law." *Commonwealth v. Williams*, 86 A.3d

- 7 -

771, 781 (Pa. 2014). As such, the standard of review as to that issue is plenary. *Id*.

In their first appeal, Defendants/Appellants ask this Court to determine whether the foster care case record is protected from disclosure in its entirety. They argue that their records of Johnson's medical history, mental health diagnosis, general behaviors, relationships between him and his parents, educational history, life experiences, and previous and/or prospective circumstances are contained in his foster care case record and that Section 3130.44 of Pennsylvania's children and youth social service regulations, 55 Pa. Code § 3130.44, governing the confidentiality of foster care case records, and Section 6307 of the Juvenile Act prohibit disclosure of those records.

> Section 3130.44 provides in relevant part:
> (a) Information that may be used to identify the child or the parents by name or address, and **information contained in the case record, is confidential. A staff person may not disclose or make use of information concerning the child or the parents other than in the course of the performance of his duties**.
>
> (b) Federal authorities, the Commonwealth and the Department or respective authorized agents officially charged with administrative supervision, review, evaluation or audit responsibilities may have access to and the right to use information ….
>
> (c) Members of the administrative review panels, volunteers, another county agency and other **providers of services to children and families who are accepted for service by the county agency may have access to and the right to use information identifying recipients of children and youth services. The amount and type of information to be released shall be determined by the county agency and shall be limited to information needed by the service**

- 8 -

J-A10034-23

J-A10035-23

**provider to carry out its responsibilities.** The decision to release information shall be based on the county agency's assessment of the individual case record and the responsibilities of a service provider. Information released may include part or all of the case record.

(d) Information contained in case records shall be released upon request to:
(1) Parents and legal guardians.
(2) Children's and parents' attorneys.
(3) The court and court staff.
(4) County executive officers.
(5) The child, if 14 years of age or older. The county agency may withhold information from a child which it has reason to believe it will be harmful to the child. The basis for withholding information from a child shall be recorded in the child's case record.

(e) **Information in case records may not be released to a person or agency other than those specified in subsections (b)-(d) without prior authorization of the court**.

(f) **Information from a case record may be made available only if the information released does not contain material which** violates the right to privacy of another individual or **is protected or made confidential by law**. This may not be construed to protect the right to privacy of a county agency employe.

55 Pa. Code § 3130.44 (emphasis added). These confidentiality restrictions apply to foster family care agencies. *V.B.T. v. Family Services of Western Pennsylvania*, 705 A.2d 1325, 1333-34 n.13 (Pa. Super. 1998), *aff'd*, 728 A.2d 953 (Pa. 1999).

The Administrator argued and the trial court held that this regulation does not prohibit the disclosure of Johnson's foster care case record that the trial court ordered because Gilyard was entitled, as a foster parent, to the information that the document requests seek and her estate succeeds to her

- 9 -

rights under the Survival Act, 42 Pa.C.S. § 8302. Section 3700.38 of Pennsylvania's foster family care agency regulations, provides that a foster parent has a right to otherwise confidential information from the foster care case record. 55 Pa. Code § 3700.38(c). The documents governing Gilyard's relationship with the Turning Point Defendants provided that she had a right to receive information regarding her foster child's "medical history, mental health diagnosis, general behaviors, relationships between [him] and [his] parents, educational history, life experiences, and previous and/or prospective circumstances." Turning Points for Children Resource Parent Rights and Responsibilities ¶5. In addition, Section 3130.44 expressly permits disclosure of foster care case record information to providers of services to foster children. 55 Pa. Code § 3130.44(c). Under these provisions, Gilyard thus had a right to receive information from Johnson's foster care case record while he was under her care. *V.B.T*, 705 A.2d at 1333-34 n.13.

These provisions, however, limit the disclosure to the situation where the foster parent can use the information in providing care for the foster child at the time of the disclosure. 55 Pa. Code § 3700.38(c) ("Foster families shall be provided information from the case record **which is necessary to protect the child's health and safety and to assist in the child's successful accomplishment of necessary educational, developmental or remedial tasks**") (emphasis added); Turning Points for Children Resource Parent Rights and Responsibilities ¶5 (providing that foster parent has a right to such

- 10 -

information "to facilitate the care of the child"); 55 Pa. Code § 3130.44(c) ("The amount and type of information to be released … shall be limited to information needed by the service provider to carry out its responsibilities").[4] Disclosure to the Administrator does not satisfy these limitations because Gilyard at the time of disclosure was no longer providing care to Johnson. This is not merely a result of her death, as it would be equally true if she were alive and was no longer providing foster care for Johnson.

Even if Administrator is not a person authorized to receive information, however, that not does not mean that Section 3130.44 immunizes the foster care case record from all discovery. Section 3130.44(e) expressly permits disclosure of foster care case record information pursuant to court order without restricting the parties to whom a court may order disclosure. 55 Pa. Code § 3130.44(e) ("Information in case records may not be released to a person or agency other than those specified in subsections (b)-(d) **without prior authorization of the court**") (emphasis added). Thus, it appears that Section 3130.44 only limits Defendants/Appellants' ability to disclose foster care records without court order and is not a prohibition of court-ordered disclosure or a complete privilege or protection against court-ordered disclosure to a plaintiff in a personal injury action.

---

[4] Plaintiff argues that the foster parent is entitled to receive information to decide whether to accept the placement. It appears from the language of 55 Pa. Code § 3700.38(c) and the resource parent document that the purpose of providing the information is to improve the care of the child, not to benefit the foster parent in deciding whether to accept the placement.

Two Pennsylvania cases and one federal district court case have considered whether foster care records are protected from discovery in a personal injury action. *See V.B.T.*, *S.M. v. Children and Youth Services of Delaware County*, 686 A.2d 872 (Pa. Cmwlth. 1996), and *L.W. v. Lackawanna County*, 2015 WL 1499865 (M.D. Pa. 2015). None of these cases resolves either of the above issues.

In *V.B.T.*, 728 A.2d 953 (Pa. 1999) the Supreme Court affirmed by *Per Curiam* order based on this Court's opinion that records of a foster child who allegedly injured the plaintiff were protected from discovery in a personal injury suit against the foster family agency and the foster parents of the assailant. *V.B.T.*, 705 A.2d at 1331-37. The Court ruled that the plaintiff's need for the documents and information did not overcome the statutory privileges that applied in that case because the disclosure that was sought did not further the aims of the statutes involved. *Id.* at 1334-37.

The Court, however, did not hold or suggest that Section 3130.44 bars discovery of foster care records. Rather, the records sought concerned the assailant's history of being a victim of abuse, and the privileges that the Court held barred discovery were the Sexual Assault Counselor Privilege, 42 Pa.C.S. § 5945.1, the Protection from Abuse Act, 23 Pa.C.S. §§ 6101-6117, the Juvenile Act, and the Child Protective Services Law, 23 Pa.C.S. §§ 6301-6385, none of which had provisions permitting court-ordered disclosure without limitation on the parties who may receive such disclosure. 705 A.2d at 1329-

34 & nn.7, 9, & 12. The only mention of Section 3130.44 in **V.B.T.** consisted of a citation to Section 3130.44(c) as authority for the proposition that foster care agencies are required to disclose protected information to foster parents. 705 A.2d 1325, 1333-34 n.13. Moreover, the Court in **V.B.T.** made no determination as to the scope of the documents and information that were protected from discovery by the statutory privileges that it addressed. **Id.** at 1329, 1330-33 nn. 8, 11, & 13.

In **S.M.**, the Commonwealth Court held that Section 3130.44 did not protect a foster care case record from discovery in an action brought by the foster child and his legal guardian and natural parents for injuries allegedly inflicted by a former foster parent when he was in her home. **S.M.**, 686 A.2d at 873-76. The court held that Section 3130.44 did not prohibit the disclosure that the plaintiffs in that case sought because the plaintiffs were parties who were entitled to receive information from the foster care case record on request under Section 3130.44(d). **Id.** at 875-76. A foster parent is not listed in Section 3130.44(d) as a party entitled to receive information from a foster care case record, and the right to receive information under Section 3130.44(d) is different from the provisions that permit a foster parent to receive information, as Section 3130.44(d) requesters are entitled to the information without limitation as to the need for or use of the information.

The **S.M.** court did not address whether or under what circumstances a court has a right to order disclosure under Section 3130.44(e). The **S.M.** court

also held that Section 6339(b) of the Child Protective Services Law, which governs the confidentiality of child abuse reports, did not prohibit the disclosure because the Child Protective Services Law gave the abused child a right to receive the documents upon written request. *Id.* at 875.

In *L.W.*, as in *S.M.*, the foster child brought the action seeking discovery, and the federal court held that the documents in question were not protected from discovery because the plaintiff was statutorily entitled to the documents upon written request. 2015 WL 1499865 at *2-*4. In addition, the only privilege considered in *L.W.* was Section 6339(b) of the Child Protective Services Law, not a claim that Section 3130.44 protected documents or information from discovery, and the court only referenced Section 3130.44 in passing as one of the bases for the decision in *S.M*. 2015 WL 1499865 at *2-*3 & n.1.

One federal district decision, *Dreibelbis v. Young*, 2007 WL 9761596 (M.D. Pa. 2007), has considered whether Section 3130.44(e) permits court-ordered discovery of records that are otherwise protected as confidential by Section 3130.44. In *Dreibelbis*, a suit alleging that the plaintiff's constitutional rights were violated in a state child custody action, the court denied discovery of case records on the ground that they were protected from disclosure by Section 3130.44. 2007 WL 9761596 at *2. The court noted that Section 3130.44(e) permits authorization of disclosure by court order and stated that it "appears to create an exception for disclosure authorized by

- 14 -

courts handling custody cases." *Id.* at *1 n.3. The court concluded that Section 3130.44(e) did not provide grounds to order the disclosure because the case over which it was presiding was an ancillary action and not the custody action itself. *Id.* at *1-*2 nn.3 and 5.

The Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, also bears on the present issue. Section 6307(a) of the Juvenile Act provides:

(a) General rule.--**All files and records of the court in a proceeding under this chapter are open to inspection only by**:

(1) The judges, officers and professional staff of the court.

(2) The parties to the proceeding and their counsel and representatives, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

(3) A public or private agency or institution providing supervision or having custody of the child under order of the court.

(4) A court and its probation and other officials or professional staff and the attorney for the defendant for use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to a proceeding under this chapter.

(4.1) A court in determining custody, as provided in 23 Pa.C.S. §§ 5328 (relating to factors to consider when awarding custody) and 5329.1 (relating to consideration of child abuse and involvement with protective services).

(5) A judge or issuing authority for use in determining bail, provided that such inspection is limited to orders of delinquency adjudications and dispositions and petitions relating thereto, orders resulting from disposition review hearings and histories of bench warrants and escapes.

(6) The Administrative Office of Pennsylvania Courts.

(6.1) The judges, officers and professional staff of courts of other jurisdictions when necessary for the discharge of their official duties.

(6.2) Officials of the Department of Corrections or a State Correctional Institution or other penal institution to which an individual who was previously adjudicated delinquent in a proceeding under this chapter has been committed, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

(6.3) A parole board, court or county probation official in considering an individual's parole or in exercising supervision over any individual who was previously adjudicated delinquent in a proceeding under this chapter, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

(6.4) The board for use in completing assessments.

(6.5) The Department of Human Services for use in determining whether an individual named as the perpetrator of an indicated report of child abuse should be expunged from the Statewide database.

(7) **With leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system.**

42 Pa.C.S. § 6307(a) (emphasis added).

The only category of persons to which disclosure is permitted under Section 6307(a) that arguably could encompass a plaintiff in a personal injury suit is Subsection (a)(7), *supra*. This Court held in *V.B.T.* that Subsection (a)(7) permits disclosure only to a person who has direct involvement in the

juvenile court proceeding or dependency proceedings as to which disclosure is sought and that a plaintiff in a personal injury case is not such a party and is barred by the Juvenile Act from discovery of juvenile court and dependency proceeding records. 705 A.2d at 1331.[5] The trial court's conclusion that foster parents—and therefore Gilyard—are persons "having a legitimate interest in the proceedings," Trial Court Opinion, 10/13/22, at 9, is therefore error.

This does not, however, protect the entire foster care case record from discovery. The Juvenile Act's restriction on disclosure applies only to "files and records of the court" in delinquency proceedings, dependency proceedings, related proceedings involving other states, transfers from criminal proceedings, and summary offense proceedings against a juvenile relating to delinquency proceedings. 42 Pa.C.S. §§ 6303(a), 6307(a), (b). Plaintiff's request for documents concerning "medical history, mental health diagnosis, general behaviors, relationships between [Johnson] and his parents, educational history, life experiences, and previous and/or prospective circumstances," Plaintiff's Request for Production of Documents (Set I), Requests Nos. 1-2, plainly encompasses at least some documents in Appellants' possession that are not court files or court records. Indeed, Appellants concede that the placement of a child in a foster home is not a

---

[5] Section 6307 of the Juvenile Act has been amended multiple times since **V.B.T.** was decided. None of those amendments, however, changed the language of Subsection (a)(7), **see** 705 A.2d at 1331 n.9, and none of the additional categories of persons entitled to disclosure that have been added, Subsections 4.1 and 6.1-6.5, have any possible applicability to Plaintiff.

proceeding under the Juvenile Act and the Juvenile Act does not apply to all the documents that Plaintiff sought. Appellants' Brief at 39-40.

In addition, Section 6307(b) of the Juvenile Act, which was added by amendment after *V.B.T.* in 2006, permits public disclosure of limited information if the juvenile has been adjudicated delinquent for certain violent criminal conduct committed when he was 14 or older. 42 Pa.C.S. § 6307(b). If Johnson had any juvenile adjudications satisfying Section 6307(b)'s requirements, the Juvenile Act would not bar disclosure of the "offenses charged and the disposition of the case" and Johnson's age at the time. 42 Pa.C.S. § 6307(b)(2).

To the extent, therefore, that the trial court ruled that Johnson's entire foster care case record is not protected from discovery, we agree. It remains for us to examine, however, whether the trial court erred in ordering production of all the requested documents and ordering such production without any confidentiality order.

Defendants/Appellants argue that the trial court's order is overbroad because it required production of all documents and some of the documents are protected from disclosure even if the foster care case record is not entirely protected from discovery. Specifically, they maintain that even if the Administrator has a right to information from the case record based on Gilyard's status as a foster parent and regardless of whether the court has the power to order disclosure in a personal injury action under Section

3130.44(e), Section 3130.44(f) permits disclosure "only if the information released does not contain material which … is protected or made confidential by law." 55 Pa. Code § 3130.44(f). Production therefore cannot be ordered as to documents that are protected by other privileges. As discussed above, any court files or court records from delinquency or dependency proceedings that are in Defendants/Appellants' possession are protected from discovery except to the limited extent of disclosures permitted by Section 6307(b) of the Juvenile Act. 42 Pa.C.S. § 6307(a), (b); *V.B.T*, 705 A.2d at 1331.

Defendants/Appellants also argue that the foster care case record contains documents protected by HIPAA and the MHPA. Defendants/Appellants' contention that HIPAA bars the trial court from ordering production of medical information concerning Johnson is without merit. The HIPAA provision on which Defendants/Appellants rely, 45 C.F.R. § 164.508(a), applies only to health plans, health care clearinghouses, and health care providers. 45 C.F.R. § 164.103, 164.500(a). In addition, HIPAA permits disclosure of medical information in litigation in response to a subpoena or discovery request where notice has been given to the patient, as long as a protective order is in place that prohibits the parties from using or disclosing the health information for any purpose other than the litigation and requires the return or destruction of all copies of the health information at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(ii)-(v).

It is possible that some of the documents ordered produced are protected by the MHPA. The MHPA protects mental health treatment records from disclosure and is not limited to patient communications. 50 P.S. § 7111(a); *M.M. v. L.M.*, 55 A.3d 1167, 1174 (Pa. Super. 2012). The MPHA, however, applies only to involuntary treatment and voluntary inpatient treatment. 50 P.S. § 7103; *M.M.*, 55 A.3d at 1174. There is nothing in the record from which it can be determined whether Defendants/Appellants' files concerning Johnson contain records from involuntary mental health treatment and voluntary inpatient mental health treatment.

In addition to requiring disclosure without regard to whether some portions of Appellants' documents are protected from disclosure by privileges other than 55 Pa. Code § 3130.44, the trial court did not impose any confidentiality order or restriction on the Administrator's use of the documents. While it does not appear that Defendants/Appellants specifically requested a confidentiality order, the bases on which the discovery order can be permissible under Section 3130.44 require that the production be subject to a confidentiality order.

Gilyard was not a person entitled to information from the foster care case record under Section 3130.44(d) regardless of the purpose for which it was to be used, and her right to obtain case record information as a foster parent was subject to an obligation of confidentiality. *V.B.T*, 705 A.2d at 1333-34 n.13. Moreover, the overriding purpose of Section 3130.44 is to

- 20 -

require that information from the foster care case record be treated as confidential.  55 Pa. Code § 3130.44(a).  The court's authority under Section 3130.44(e) to order disclosure, therefore, should be construed in light of this overriding confidentiality purpose and permit an order to produce documents or information from the foster care case record only under an order keeping those documents confidential.

Accordingly, in the first appeal (under 2267 EDA 2021), we vacate and remand to the trial court, which shall exclude Johnson's juvenile court records of delinquency and dependency proceedings, except for limited public disclosure permitted by Section 6307(b) of the Juvenile Act, exclude Johnson's involuntary mental health treatment and voluntary inpatient mental health treatment records, and require entry of a confidentiality order prior to disclosure.

In the second appeal (under 662 EDA 2022), the only claim of error that Defendants/Appellants raise is that the trial court lacked jurisdiction to enter its January 31, 2022, order requiring Defendants/Appellants to provide full and complete responses to the Administrator's third set interrogatories other than Interrogatories 12 and 14 and to produce the documents requested by the third set document requests.

Rule 1701 of the Pennsylvania Rules of Appellate Procedure provides:

(a) General rule.--**Except as otherwise prescribed by these rules, after an appeal is taken** or review of a quasijudicial order is sought, **the trial court** or other government unit **may no longer proceed further in the matter.**

J-A10034-23

J-A10035-23

        \*         \*         \*

(c) Limited to matters in dispute.--**Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal**, or in a petition for review proceeding relating to a quasijudicial order, **the appeal** or petition for review proceeding **shall operate to prevent the trial court** or other government unit **from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court** or other government unit **or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant**.

Pa.R.A.P. 1701(a), (c) (emphasis added).   Accordingly, a collateral order appeal divests the lower court of jurisdiction only as to the issue on appeal and matters related to or intertwined with that issue.   ***Commonwealth v. McClure***, 172 A.3d 668, 685, 698-99 (Pa. Super. 2017).

As discussed, the first appeal was a collateral order appeal involving only the trial court's October 21, 2021, order that Defendants/Appellants produce documents "that contain any information concerning Xavier Johnson's medical history, mental health diagnosis, general behaviors, relationships between him and his parents, educational history, life experiences, and previous and/or prospective circumstances."   Trial Court Order, 10/21/21; Plaintiff's Request for Production of Documents (Set I), Requests Nos. 1-2. The trial court did not enter any order staying the action.

The third set interrogatories and document requests that are the subject of the trial court's January 31, 2022, order do not request information or documents concerning Johnson's medical history, mental health diagnosis, behaviors, relationships with parents, educational history, life experiences, or

- 22 -

prospective circumstances. Rather, the interrogatories seek identification of witnesses (Interrogatories 1-5), interviews and statements obtained concerning the action (Interrogatories 6-7), information concerning investigations conducted by Defendants/Appellants or others concerning Johnson's placement with Gilyard and Gilyard's murder (Interrogatories 8-11), information concerning statements of witnesses and parties (Interrogatory 13) and identification of admissions of a party and documents that Defendants/Appellants intend to use at trial (Interrogatories 15 and 16). Plaintiff's Interrogatories (Set III) at 3-8. The document requests are limited to the scope of these interrogatories, as they seek only documents that Defendants/Appellants identify in their third set interrogatory answers. Plaintiff's Request for Production of Documents (Set III) at 3.

Defendants/Appellants argue that the discovery sought in the second motion to compel involves the same privilege issues that are the subject of the first appeal. Discovery that requests different information or documents is closely intertwined with an appeal from a prior discovery order if it is subject to the same privilege objection that is at issue in the pending appeal and the issues as to the applicability of the privilege are the same. **McClure**, 172 A.3d at 685. A court therefore lacks jurisdiction during the pendency of the appeal to order further discovery that is subject to a privilege objection that is at issue in a pending appeal if the issues as to the applicability of the privilege are the same as in the appeal. **Id**.

Here, although the privilege that Defendants/Appellants asserted was the same, whether it applied to the third set discovery involved additional, different issues. In the first appeal, the discovery sought documents from Defendants/Appellants' foster care case record and the issue is whether documents and information in the foster care case record are protected from discovery. On the Administrator's second motion to compel, the issues were whether the third set discovery sought information and documents in the foster care case record and, as to information and documents that are both in the case record and available outside the case record, whether, assuming that the case record is protected from discovery, the requested discovery was within the scope of that protection. The trial court ordered the discovery, not based on the privilege ruling that was on appeal, but on the ground that the discovery did not seek information from the foster care case record. Trial Court Opinion, 6/22/22, at 6.

That conclusion is largely correct with respect to Interrogatories 6-11 and 13, as they appear to primarily seek information created after Gilyard was murdered and Johnson was no longer in the foster care system, and Interrogatories 15 and 16, which seek information concerning admissions of the Administrator and books and magazines that Appellants intend to introduce at trial. Plaintiff's Interrogatories (Set III) at 5-8. It is possible, however, that some information that those interrogatories seek could pre-date the murder and be in or from the case record. Interrogatories 1-5, concerning

identification of witnesses, appear to encompass information that could be obtained both from the case record and from other sources and the information and documents sought by Interrogatories 2(c), and 3-5 are likely to include confidential case record information, some of which may not be available from sources outside the case record.

The mere fact that information available from non-privileged sources is also in a file that is protected from discovery does not shield it from discovery. **Pasquini v. Fairmount Behavioral Health System**, 230 A.3d 1190, 1197-99 (Pa. Super. 2020) (MHPA did not apply to request for admission concerning defendant's knowledge of patient's sex offender status even if that information was in patient's privileged file because that information was publicly available information). But because the order required full responses, and some of the interrogatories could include information that is only in the case record, the order did compel discovery that involves the same issue as in the first appeal.

Although this problem could have been avoided by limiting the required responses to information and documents not obtained from the case record, and it appears that the Administrator and the trial court at the hearing may have intended to so limit the order, N.T., 1/26/22, at 6, 11-12, 25, other than excluding two interrogatories that clearly sought information from the foster care case record, Interrogatories 12 and 14, the order that the trial court entered had no such limitation. Trial Court Order, 1/31/22. On this record, we determine that the trial court had jurisdiction to order some of this

discovery, but the overlap between the discovery order and the issue in the first appeal creates a jurisdictional issue.

Accordingly, in the second appeal (under 662 EDA) we vacate the order and remand for further discovery proceedings to be conducted consistent with this decision and without prejudice to Defendants/Appellants to raise objections of admissibility. In this regard, Defendants/Appellants shall file with the trial court a detailed list of what documents and information it possesses and which among that list it considers privileged. At the conclusion of such proceedings, the trial court shall enter an order permitting the Administrator to obtain the information and documents to which he is entitled.

Orders vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023

- 26 -